## 546.   SUTTON *v.* McCOY.

One who has sold property to another on credit on open account can not maintain trover for the property, although the latter may not have paid for the property. Therefore it is not reversible error for the court to exclude testimony which would merely tend to corroborate the plaintiff's statement in such a case, that the defendant had not paid him in full for the property.

Trover, from city court of Miller county—Judge Bush. May 25, 1907.

Submitted October 23,—Decided October 31, 1907.

*W. I. Geer,* for plaintiff.

*Bush & Stapleton,* for defendant.

POWELL, J. The plaintiff, Sutton, brought trover against the defendant, McCoy, for a mule. The plaintiff testified that he had never sold the mule to the defendant. The defendant testified that he had. The defendant further testified that he had not only bought the mule on credit, but afterwards had paid for it in full. On this last proposition the plaintiff also took issue with him. The defend-

ant testified, that he turned over his crop of nine bales of cotton to the plaintiff, in payment of his indebtedness for rent, supplies, and the mule, and that the plaintiff told him that this was sufficient to pay for all these things. The plaintiff responded that he had received only eight bales of cotton; and then tendered an account for rent and supplies, which he swore was true and correct, and which, instead of showing the mule to be paid for in full, shows only a credit of $31 after extinguishing the amount of rent and supplies claimed by him. For certain irregularities in the form in which the account was stated, the court excluded it; but his reasons are immaterial, in the light of what we are holding in the case. If the defendant bought the mule, it would be immaterial whether he had paid only $31 on it, or had paid for it in full; for trover will not lie to enforce the payment of the purchase-money for property sold on credit on open account. Usually rulings on collateral and immaterial matters, whether correct or not, afford no reason for overruling the action of the trial court in refusing to grant a new trial, when there is ample evidence to support the verdict and the trial judge approves it.

*Judgment affirmed.*